**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN T. OLSZYK,**

                **Plaintiff,**

    v.                                                                     3:19-CV-392
                                                                                 (TJM/DEP)

**COMMONWEALTH OF PENNSYLVANIA,**
**PA STATE PAROLE AND PROBATION, HON.**
**JUDGE MICHAEL BARRASSE, COUNTY OF**
**LACKAWANNA, PA DEPT. OF CORRECTIONS,**
**LACKAWANNA COUNTY PRISON, DOUGLAS**
**VANSTON, ESQ., LACKAWANNA COUNTY**
**DISTRICT ATTORNEYS OFFICE,**

                **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


**DECISION & ORDER**

    Before the Court are Plaintiff's motions for a temporary restraining order ("TRO") and a preliminary injunction, dkt. # 1, motion for leave to proceed *in forma pauperis*, dkt. # 2, and motion to appoint counsel, dkt. # 3. Plaintiff originally filed this matter while in custody. He did not file the forms required of an inmate and the Court closed the case and directed him to follow the proper procedure. <u>See</u> dkt. # 4. Plaintiff has since been released from jail and has provided the information required of litigants seeking to proceed without paying Court fees. The matter is therefore ripe for the Court's consideration.

    Federal law permits an indigent plaintiff to proceed without paying a filing fee,

1

provided that person submits an affidavit attesting to his inability to pay. 28 U.S.C. § 1915(a). When a plaintiff seeks to proceed under this *in forma pauperis* statute, the court is required to review the plaintiff's filing and "shall dismiss the case at any time if the court determines" that the plaintiff has the means to pay the filing fee or the court finds that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(1-2). The statute "requires a district court to dismiss an *in forma pauperis* complaint" that falls into any of these categories. S.B. v. Suffolk County, No. 13-cv-446, 2013 U.S. Dist. LEXIS 55200 at *3 (E.D.N.Y. April 17, 2013).

Plaintiff's filings are not as clear as they might be, but they appear to allege that he has been a prisoner in both New York and Pennsylvania. He also indicates that he has been receiving mental health and substance abuse treatment in Broome County, New York. Plaintiff avers that he would prefer to continue receiving treatment at that location and seeks to have the Court prevent him from being transferred to Pennsylvania. Plaintiff contends that a transfer to Pennsylvania would require new evaluations and additional proceedings, and would represent a waste of resources. Plaintiff also appears to allege misconduct at treatment facilities in New York and misconduct by Pennsylvania administrator and other officials and judicial and court officers in Lackawanna County, Pennsylvania. He contends that he intends to file a complaint or complaints regarding this conduct.

The Court has evaluated the Plaintiff's filings, which include only a motion for injunctive relief, a request to proceed without paying filing fees, and a motion for an appointed attorney. Plaintiff has not filed a Complaint in this action, though he indicates

2

that he intends to do so. Therefore, the only pleadings presently before the Court are Plaintiff's motion for a TRO or preliminary injunction and two motions regarding his filing status and representation. Federal Rule of Civil Procedure 65 governs motions for injunctive relief. That rule indicates that the Court may not consider such a motion until Plaintiff actually files a complaint. "Only after an action has been commenced can preliminary injunctive relief be obtained." Stewart v. United States Immigration & Naturalization Service, 762 F.2d 193, 198 (2d Cir. 1985). "An action is commenced in federal court by the filing with the court of a complaint." Id.

Plaintiff has not filed a complaint, and the Court therefore may not consider his request for injunctive relief.[1] Accordingly, Plaintiff's motion for a preliminary injunction or temporary restraining order, dkt. # 1, is hereby DENIED without prejudice. Plaintiff's motion to proceed *in forma pauperis*, dkt. # 2, is hereby GRANTED and the filing fee is waived solely for the purpose of consideration of the instant motions. Plaintiff's motion for appointment of counsel, dkt. # 3, is hereby DENIED as moot. The Clerk of Court is directed to CLOSE the case.

**IT IS SO ORDERED.**

Dated: April 27, 2019

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] In any case, to the extent that Plaintiff seeks injunctive relief against the Commonwealth of Pennsylvania, the County of Lackawanna, Pennsylvania, or officials of the Commonwealth or the County, this Court would likely be an improper forum. The Plaintiff should explore alternative venues for such an action, particularly the United States District Court for the Middle District of Pennsylvania, where much of the conduct giving rise to his concerns occurred.

3